IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01596-BNB

FLOYDE W. PINEDA,

      Plaintiff,

v.

JIM KEYES, C.E.O., Blockbuster, Inc., and
CHUCK FERNELL, District Manager of No[r]thern Colorado and
      Launcher of Movielink.com,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 4 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Floyde W. Pineda, filed *pro se* a complaint for money damages.  Mr. Pineda appears to assert jurisdiction pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      The Court must construe the complaint liberally because Mr. Pineda is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Pineda will be ordered to file an amended complaint.

      The amended complaint Mr. Pineda will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Pineda "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Pineda's complaint is vague. He fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). He also fails to provide a short and plain statement of the claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Mr. Pineda apparently alleges that he pitched an idea to Chuck Fernell, and that Blockbuster used the idea without

compensating him. He contends that the idea has made both Mr. Fernell and Jim Keyes wealthy.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Pineda should be given an opportunity to file an amended complaint. He will be directed to do so below. Mr. Pineda is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Lastly, Mr. Pineda is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Accordingly, it is

ORDERED that Plaintiff, Floyde W. Pineda, file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

3

FURTHER ORDERED that the clerk of the Court mail to Mr. Pineda, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint:  Complaint.  It is

FURTHER ORDERED that Mr. Pineda submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Pineda fails to file an original and sufficient copies of an amended complaint that comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of July, 2009.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01596-BNB

Floyde W. Pineda
2347 S. York #5
Denver, CO 80210

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on _7/14/09_

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk