IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01596-BNB

FLOYDE W. PINEDA,

    Plaintiff,

v.

JIM KEYES, C.E.O., Blockbuster, Inc., and
CHUCK FERNELL, District Manager of Northern Colorado and
Launcher of Movielink.com,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -2 2009

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Plaintiff, Floyde W. Pineda, filed *pro se* a complaint for money damages. Mr. Pineda appears to assert jurisdiction pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Magistrate Judge Craig B. Shaffer found that the complaint failed to comply with Fed. R. Civ. P. 8 and ordered Plaintiff to file an amended complaint on July 14, 2009. Plaintiff filed an amended complaint on August 10, 2009.

The Court must construe the amended complaint liberally because Mr. Pineda is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Plaintiff asserts two claims for relief. Although difficult to decipher, his first claim

1

does not be appear to be an actual claim for relief, but an assertion of law. Here, Plaintiff asserts that the Lanham Act entitles a person to relief when a "junior" uses the "ideas and writing" of a "senior" without first obtaining permission from the senior, and when the junior "acquires sugnifficant [sic] finantial [sic] gain" from the idea. Complaint at 3. In his second claim, also difficult to decipher, Plaintiff appears to assert that Defendant Chuck Fernell agreed to recognize and compensate Plaintiff for his writings and ideas, but failed to do so. *Id.* at 4. Plaintiff requests "recognition" in addition to $100,000 in damages. *Id.* at 6.

The Lanham Act generally "was intended to make 'actionable the deceptive and misleading use of marks,' and 'to protect persons engaged in . . . commerce against unfair competition.'" **Dastar Corp. v. Twentieth Century Fox Film Corp.**, 539 U.S. 23, 30 (2003) (quoting with ellipsis 15 U.S.C. § 1127). The Lanham Act defines a trademark for both federal and common law purposes as a designation used to identify and distinguish goods of a manufacturer. 15 U.S.C. § 1127. A trademark both distinguishes the owner's goods from others and signifies the source and quality of the goods and services. *See **In re Int'l Flavors & Fragrances, Inc.**,* 183 F.3d 1361, 1366 (Fed. Cir. 1999). Plaintiff alleges unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125 (hereinafter "Section 43(a)"). Section 43(a) of the Lanham Act provides, in relevant part:

> (1) Any person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which -
> . . .
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or

2

another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). To prevail in an action for unfair competition pursuant to Section 43(a), a plaintiff must establish first, that the mark is valid and legally protectible, and second, that the defendant's use of an identical or similar mark is likely to cause confusion among consumers. **Packman v. Chicago Tribune Co.**, 267 F.3d 628, 638 (7th Cir. 2001); see also **Go Pro Ltd. v. River Graphics, Inc.**, 2006 WL 898147, *6 (D. Colo. 2006) (unpublished decision). Plaintiff does not allege that he has a registered trademark that is valid and legally protectible. Indeed, he provides nothing more than the bare allegation that he provided Defendant Fernell with unidentified ideas and writings. This conclusory allegation is insufficient to entitle Plaintiff to relief. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 1st day of _____Oct._____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01596-BNB

Floyde W. Pineda
2347 S. York #5
Denver, CO 80210

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk